# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00682-CR

**Ramon Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-10-207120, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ramon Martinez appeals his conviction for the assault of his sister Maria Martinez. *See* Tex. Penal Code § 22.01(a). After the incident, Maria was treated by a paramedic named Daniel Krasher and was transported by ambulance to an emergency room. When she arrived at the hospital, Maria was treated by an emergency room nurse named Adrian Queen. When presenting its case, the State sought to admit medical records describing the medical treatment that Maria received at the scene and at the emergency room. The records contained statements reflecting that Maria had told the treating personnel that she had been punched in the chest twice by a family member. Martinez objected to the admission of the portions of the records containing those statements and argued that their admission would violate his constitutional right to confront witnesses, but the district court overruled the objection and explained that it did not believe that the records were testimonial in nature. Accordingly, the district court admitted the records into evidence.

In his sole issue on appeal, Martinez contends that the trial court erred by admitting the disputed portions of the medical records because their admission violated his confrontation rights. *See* U.S. Const. amend. VI. Specifically, Martinez contends that the records contained statements from Maria but that he was unable to question her regarding those statements because she did not testify during the trial.

Even assuming for the sake of argument that the district court erred when it admitted the disputed portions of the medical records, we would be unable to sustain Martinez's issue on appeal. When an error pertains to an individual's confrontation rights, we apply a constitutional harm analysis. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). Under that analysis, appellate courts "must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). In other words, the question is not whether the conviction is supported by the evidence but whether the error "was actually a contributing factor in the jury's deliberations." *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007). When performing this review, appellate courts consider the following relevant factors: "1) how important was the out-of-court statement to the State's case; 2) whether the out-of-court statement was cumulative of other evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and 4) the overall strength of the prosecution's case." *Id.* Courts may also consider "the source and nature of the error, to what extent, if any, it was emphasized by the State, and how weighty the jury may have found the erroneously admitted evidence to be compared to the balance of the evidence." *Id.*

During the trial, M.R., a minor who observed the alleged assault, testified that on the night in question, she saw Martinez get into an altercation with D.M., another minor, in her apartment. Further, she related that Martinez was asked to leave and that Maria accompanied him. In addition, M.R. stated that when Martinez left, he was angry. Further, she recalled that when she walked outside to give Maria her phone, she saw Martinez punch Maria in the jaw, arms, and ribs. Moreover, M.R. related that when she talked to Maria shortly after the incident, Maria stated that she was having a hard time breathing and that her ribs hurt. M.R. also explained that when she and her cousins went to pick Maria up from the hospital, Maria told them that her ribs were still hurting. That statement was supported by the portion of D.M.'s testimony in which she stated that when she saw Maria the next morning, Maria told her that "she was having chest pains and she couldn't breathe."[1]

In addition to the testimony from M.R., police officers and medical personnel testified regarding what they observed when interacting with Maria after the incident. For example, Officer Michael Decker testified that he responded to the scene after the police were called and explained that when he saw Maria, he noticed that her chest appeared red. Further, Officer Decker related that Maria informed him that her chest hurt and that she was having trouble breathing.

Next, Krasher, the paramedic who responded to the 911 call, was called to testify regarding his observations that night. In his testimony, Krasher did mention the portion of his records in which he indicated that Maria had told him that she had been punched, but he also generally described the symptoms that she was experiencing when he treated her, including pain in

---

[1] We note that Martinez called Maria's son, Miguel Martinez, to testify on his behalf. In Miguel's testimony, he explained that he saw Martinez and Maria arguing in a car and saw Martinez grab Maria by the shirt, but he testified that he did not see Martinez hit Maria.

her chest. Moreover, Krasher clarified that when performing his assessment, he was able to rule out other potential causes for Maria's chest pain, including a heart attack. Similarly, Shawanda Bonnett, who is the mother of D.M., testified that she was unaware of any prior injuries to Maria's chest that would have caused the symptoms that Maria was experiencing.

Finally, Queen, the nurse who saw Maria on the night in question, testified regarding Maria's injuries. Although Queen discussed the portion of her records mentioning that Maria stated that she was punched in the chest by a family member, Queen also discussed the high level of pain that Maria was experiencing in her chest. In fact, Queen mentioned that Maria was immediately given pain medication when she arrived for treatment and was given a prescription for pain medication when she was discharged. Finally, Queen related that Maria was given an x-ray and that the x-ray "showed a single rib fracture."

Although the State mentioned in its opening statement and mentioned twice in its closing statement that Maria had told Krasher and Queen that she had been punched, the State primarily focused on M.R.'s testimony in which she stated that she saw Martinez punch Maria, on the testimony of various witnesses explaining that Maria was in considerable pain after the incident, on Officer's Decker's testimony relating that he saw a mark on Maria's chest, and on the testimony regarding Maria's broken rib. In addition, the State also discussed a video of Martinez taken by the police shortly after the incident in which he behaved in an aggressive manner.

During the punishment phase of the trial, the records were not mentioned, and neither Queen nor Krasher testified during that hearing.

4

In light of the evidence and testimony summarized above, we conclude beyond a reasonable doubt that the admission of the portions of the medical records stating that Maria was punched by a family member was not a contributing factor in the jury's deliberations and that any alleged error from their admission did not contribute to Martinez's conviction or punishment. *See* Tex. R. App. P. 44.2(a). Accordingly, we overrule Martinez's issue on appeal and affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Jones and Justices Puryear and Rose

Affirmed

Filed:   February 28, 2014

Do Not Publish